1

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
                    AT SEATTLE

9

10   ABSHER CONSTRUCTION                CASE NO. C10-5821JLR
     COMPANY, et al.,

11                                      ORDER DENYING MOTION TO
                    Plaintiffs,         DISMISS BASED ON FEDERAL
                                        RULE OF CIVIL PROCEDURE 17
12                                      AND TO SHOW CAUSE
           v.                           REGARDING SUBJECT
13                                      MATTER JURISDICTION
     NORTH PACIFIC INSURANCE
14   COMPANY, et al.,

15                  Defendants.

16                       I.        INTRODUCTION

17         Before the court is Defendants North Pacific Insurance Company, OneBeacon

18   Insurance Company, OneBeacon America Insurance Company, and Pennsylvania

19   General Insurance Company's (collectively "OneBeacon") motion to dismiss the action

20   based on Plaintiffs Absher Construction Company, and Pacific Components, Inc., d/b/a

21   Absher Pacific Joint Venture's (collectively "Absher Pacific") failure to bring this action

22   in the name of the real parties in interest under Federal Rule of Civil Procedure 17(a)(1).

(*See* Mot. (Dkt. # 22).)  Defendant Assurance Company of America ("Assurance") has

joined in OneBeacon's motion.  (Joinder (Dkt. # 40).)  Having reviewed the motion, all

papers filed in support or opposition thereto, and the governing law, and being fully

advised, the court DENIES OneBeacon's and Assurance's motion (Dkt. # 22).[1]  Although

the court concludes that Absher Pacific has failed to bring this action in the name of the

real party in interest, the court concludes that Absher Pacific is entitled to a reasonable

period of time in which to cure its status pursuant to Federal Rule Civil Procedure

17(a)(3).

Prior to ordering this relief, however, the court finds that it must address a more

fundamental issue raised by OneBeacon's motion.  Absher Pacific has asserted that the

court's subject matter jurisdiction rests on the diversity of citizenship of the parties

pursuant to 28 U.S.C. § 1332.  (Compl. (Dkt. # 1) ¶ 2.1.)  As a result, the court's

conclusion that Absher Pacific has not brought this action in the name of the real party in

interest raises an issue with respect to the court's subject matter jurisdiction based on

diversity of citizenship.  Accordingly, as delineated below, Absher Pacific is directed to

file a brief, no longer than ten pages, concerning this issue within ten calendar days of the

date of this order.  OneBeacon and Assurance may also file a brief concerning this issue,

but are not required to do so.  If the court is reassured concerning its subject matter

jurisdiction, then it will order relief pursuant to Federal Rule of Civil Procedure 17(a)(3).

---

[1] No party has asked for oral argument, and the court deems this motion to be appropriate for decision without it.

ORDER- 2

1    If the court is not so reassured, however, it will dismiss this matter for lack of federal

2    subject matter jurisdiction.

3                      **II.      BACKGROUND**

4         The lawsuits underlying this declaratory judgment action arose out of construction

5    defect claims involving the New Holly development in Seattle, Washington. (Compl. ¶¶

6    3.1-3.5.) In 1997, the Seattle Housing Authority entered into construction contracts with

7    Absher Pacific for construction of homes in the New Holly development. (*Id.* ¶ 3.1.) In

8    performing the contract, Absher Pacific subcontracted with OneBeacon's and

9    Assurance's insured, Plumbing Today, Inc. ("PTI") for installation of a plumbing and

10    heating system known as a hydronic heating system. (*See id.* ¶¶ 3.2, 3.7-3.11.) Under

11    the terms of the contract between PTI and Absher Pacific, PTI was required to obtain

12    insurance for its work on the project and to name Absher Pacific as an "additional

13    insured" under its insurance policies. (*Id.* ¶ 3.2.)

14         In 2008, the New Holly Homeowners Association brought an action for alleged

15    defects in the hydronic heating system against the Seattle Housing Authority. (*Id.* ¶ 3.3.)

16    The Seattle Housing Authority, in turn, filed a separate suit against its general contractor,

17    Absher Pacific. (*See id.* ¶ 3.4.) Absher Pacific tendered defense of the suit to its own

18    insurance carriers and to PTI's insurance carriers, including all of the defendants in the

19    present lawsuit. (*See id.* ¶¶ 3.7-3.11.) According to the allegations in the complaint,

20    OneBeacon denied Absher Pacific's tender of defense, and Assurance made no response.

21    (*Id.* ¶¶ 3.11-3.12.)

22

1    Discovery progressed in both lawsuits, but eventually a settlement, entitled the

2    New Holly Final Settlement Agreement, was reached.  (*See* Blackburn Decl. (Dkt. # 23)

3    Ex. A (New Holly Final Settlement Agreement).)  The settlement agreement included an

4    assignment by Absher Pacific to certain insurance carriers, namely Arrowood Indemnity

5    Company ("Arrowood") and Housing Authority Risk Retention Group, Inc. ("HARRG"),

6    of all claims that Absher Pacific could pursue against PTI's insurance carriers.  (*Id.* ¶

7    2.12.)  Arrowood insured Absher Pacific, and HARRG insured the Seattle Housing

8    Authority.  (Mot. at 3.)  The assignment provision provides:

9       2.12  <u>Absher Pacific [] assignment</u>.  [Absher Pacific] assign[s] to Arrowood
            and HARRG [its] claims (as limited by paragraph 2.10)[2] against PTI
10          and Bio-Radiant and [its] claims against the insurers of PTI and Bio-
            Radiant.  [Absher Pacific] will cooperate with Arrowood and HARRG
11          in the prosecution of the assigned claims. . . .

12    (Blackburn Decl. Ex. A ¶ 2.12 (footnote added).)  Both OneBeacon and Assurance

13    are insurers of PTI.  (Compl. ¶¶ 3.7-3.11.)

14    On November 9, 2010, Absher Pacific filed this suit seeking damages against

15    Defendants, all of whom are PTI's insurers.  (*See* Compl.)  OneBeacon has moved for

16    dismissal under Federal Rule of Civil Procedure 17(a), which requires that "every action

17    shall be prosecuted in the name of the real party in interest."  OneBeacon asserts that

18    Absher Pacific is not the real party in interest by virtue of the assignment of its claims

19

20

---

21    [2] Paragraph 2.10 was a limitation of downstream claims (*see* Blackburn Decl. Ex. A ¶
      2.10), and neither party has asserted that this limitation has any bearing on the court's resolution
22    of this motion.

against PTI's insurers to Arrowood and HARRG. Assurance has joined in OneBeacon's motion.

### III.    ANALYSIS

**A. Standards**

Federal Rule of Civil Procedure 17(a)(1) provides that "[a]n action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). A court determines whether a plaintiff is the real party in interest by examining the controlling substantive law. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093-94 (9th Cir. 2004). Absher Pacific has alleged that this court has federal subject matter jurisdiction over this action based on diversity jurisdiction. (Compl. ¶ 2.1.) In determining the real party in interest under Rule 17(a), a court exercising diversity jurisdiction must apply substantive state law. *Allstate*, 358 F.3d at 1093-94. Accordingly, this court looks to Washington law to determine if Absher Pacific may proceed as a real party interest. *Id.* at 1094.

OneBeacon styled its motion under Rule 17(a)(1) as one for dismissal.[3] (*See* Mot. at 1.) A motion for dismissal under Federal Rule of Civil Procedure 12(b)(6) does not consider material outside the complaint. *Levine v. Diamanthuset*, 950 F.2d 1478, 1483 (9th Cir. 1991). A party who submits material outside the pleadings is on notice that the court may use them to decide a motion originally filed as a motion to dismiss, requiring transformation to a motion for summary judgment. Fed. R. Civ. P. 12(d); *Olsen v. Idaho*

---

[3] The federal rules do not specify a procedure for raising an objection that the plaintiff is not the real party in interest. A. Wright, A. Miller, M. Kane & R. Marcus, 6A Fed. Prac. & Proc. Civ. § 1554 (3d ed. 2011 Update).

*State Bd. Of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) ("[A] represented party who submits matters outside the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss, requiring its transformation to a motion for summary judgment.") (internal quotations omitted).

Here, both parties have had the opportunity to submit materials pertinent to the motion, and both in fact have submitted materials outside of the complaint for the court to consider in ruling upon OneBeacon's motion. (*See* Blackburn Decl. (submitted by OneBeacon); Supp. Blackburn Decl. (Dkt. # 55) (submitted by BeaconOne); Love Decl. (Dkt. # 45) (submitted by Absher Pacific); Tanabe Decl. (Dkt. # 46) (submitted by Absher Pacific).) Accordingly, the court finds the parties to be on notice that the court considers this motion as one for summary judgment. *See, e.g.*, *Brunner v. Bawcom*, No. CV 10-24-M-DWM, 2010 WL 3724436, at *9 (D. Mont. Sept. 15, 2010).

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). A party is entitled to summary judgment if the

1 evidence produced by the parties permits only one conclusion.  *Anderson v. Liberty*

2 *Lobby, Inc.*, 477 U.S. 242, 255 (1986).[4]

3    **B.  Real Party in Interest**

4    Absher Pacific asserts that under Washington law an insured party bringing an

5 action remains the real party in interest, even if its carrier has previously paid its loss.

6 (Resp. (Dkt. # 44) at 4-5.)  Absher Pacific bases its argument on cases dealing with the

7 subrogation of an insured's claim after an insurer has paid its loss or with loan and trust

8 agreements between a carrier and its insured entitling the insurer to recover proceeds the

9 insured recovers in an action for damages concerning the insured's loss.  (*See id.* at 4-7.)

10 For example, in *McRory v. Northern Insurance Company of New York*, 980 P.2d 736

11 (Wash. 1999), the insured brought an action in its own name to recover attorneys' fees

12 from one of its insurers, Northern Insurance, after receiving payment for its defense from

13 another insurer, Wausau.  Wausau had both subrogation rights and rights under a loan

14 and trust agreement for the proceeds that the insured obtained in the action.  *Id.* at 739-

15 40.  The Washington Supreme Court held that neither the insurer's subrogation rights,

16 nor the insured's agreement to reimburse its insurer for payments made by the insurer in

17 _____

18    [4] In addition, as noted below, OneBeacon's motion raises issues concerning this court's
   subject matter jurisdiction.  Because the court's subject matter jurisdiction may rest on the
19 resolution of whether Absher Pacific or Arrowood and HARRG are the real parties in interest,
   OneBeacon's motion also could be considered as a Federal Rule of Civil Procedure 12(b)(1)
20 motion to dismiss.  *See Malikyar v. Sramek*, No. C 07-03533 WHA, 2008 WL 4891020, at * 3
   (N.D. Cal. Nov. 12, 2008) (citing *Allstate*, 358 F.3d at 1093-94).  "[W]hen considering a motion
21 to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings,
   but may review any evidence, such as affidavits and testimony, to resolve factual disputes
22 concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th
   Cir. 1988).

the event the insured successfully sued a liable third party, had any effect on the insured's

status as the real party in interest.  *Id.*[5]

Here, however, OneBeacon and Assurance assert that Absher Pacific is not the

real party in interest by virtue of the contractual assignment of its claims contained within

the New Holly Final Settlement Agreement, and not as a result of the subrogation of its

claims or a loan and trust agreement with its insurer.  Indeed, as OneBeacon points out,

HARRG was never an insurer of Absher Pacific.  Accordingly, there is no evidence that

Absher Pacific's claims against PTI's carriers were ever subrogated with respect to

HARRG, nor is there any evidence that Absher Pacific and HARRG entered into any

trust and loan agreement with respect to any proceeds Absher Pacific should recover in

an action concerning its loss.  HARRG's right to pursue Absher Pacific's claims against

PTI's carriers arises solely from Absher Pacific's assignment of its claims to HARRG,

and not as result of HARRG's status as an insurance carrier.  Accordingly, the foregoing

authority relied upon by Absher Pacific is inapplicable – at least with regard to Absher

Pacific's assignment of its claims to HARRG – because HARRG was never an insurer of

Absher Pacific.

---

[5] *See also Webber v. Biddle*, 431 P.2d 705, 710 (Wash. 1967) (stating that nothing in the execution of a loan and trust agreement alters the fact that the insured is the real party in interest with respect to a claim against the tortfeasor); *Fraser v. Beutel*, 785 P.2d 470, 477 (Wash. Ct. App. 1990) ("Washington courts have rejected the argument that an insurer who has paid its insured and been subrogated to the insured's rights against the wrongdoer is the real party in interest and the only one entitled to prosecute a subsequent action against the wrongdoer."); *Allstate*, 358 F.2d at 1094 (holding that, under Washington law, the insured was the real party in interest in an action against the tortfeasor  despite the subrogation rights of the insurer).

Under Washington law, an assignee prosecutes an assigned cause of action under its own name as the real party in interest.  *See* RCW 4.08.080 (stating that "[a]ny assignee or assignees . . . may, by virtue of such assignment, sue and maintain an action or actions in his or her name . . . ."); *McDaniel v. Pressler*, 29 P. 209, 210 (Wash. 1892) (holding that where promissory notes have been assigned for the purpose of bringing a suit, the assignee is the real party in interest in an action to enforce the collection of the notes); *see also Stover v. Winston Bros. Co.*, 55 P.2d 821, 826 (Wash. 1936) ("An assignment of a chose in action vests the title in the assignee, who may sue thereon in his own name."); *Walter Implement, Inc. v. Focht*, 709 P.2d 1215, 1218 (Wash. Ct. App. 1985), *rev'd on other grounds*, 730 P.2d 1340 (Wash. 1987); *Dep't of Labor & Indus. v. Wendt*, 735 P.2d 1334, 1337 (Wash. Ct. App. 1987) ("As assignee of the claim, the Department was the real party in interest and entitled to bring the action in its own name under CR 17(a)."), *overruled on other grounds by State v. WWJ Corp.*, 980 P.2d 1257 (1999).  Under this authority, HARRG, and not Absher Pacific, would appear to be the real party in interest with respect to the claims in this lawsuit that Absher Pacific previously assigned to HARRG in the New Holly Final Settlement Agreement.

Of course, this does not resolve the real party in interest issue with respect to Arrowood, which was an insurer of Absher Pacific.  The court, however, is not convinced that the case law cited by Absher Pacific concerning real party in interest issues in the context of subrogation and loan and trust agreements between insureds and insurers is applicable in the context of a full assignment of a claim by an insured to its carrier. Indeed, the *McRory* desision, relied upon by Absher Pacific, appeared to acknowledge

the distinction between subrogation and an assignment of an insured's rights when it

stated:

> [I]n *Estate of Jordan v. Hartford Accident & Indem. Co*., 120 Wash.2d 490,
> 507-08, 844 P.2d 403 (1993), we held assignees of the insured may recover
> fees if they are compelled to sue an insurer to secure coverage. Plainly, if
> McRory had assigned its rights [to the recovery of its legal fees] to Wausau,
> Wausau would have been entitled to recover fees.

*McRory*, 980 P.2d at 739. Despite the *McRory* court's ruling that the insured was the real

party in interest in the context of either the subrogation of its claim to its carrier or a loan

and trust agreement with its carrier, the foregoing language implies that the carrier would

be entitled to bring a claim if the insured had assigned its rights.

Although HARRG and Arrowood may have subrogation rights against PTI's

carriers, the court must also consider the impact of Absher Pacific's assignment of its

claims to HARRG and Arrowood in its real party in interest analysis. There is a real, if

subtle, distinction between subrogation and assignment. One leading authority has

described the distinction as follows:

> . . . [S]ubrogation presupposes actual payment and satisfaction of a debt or
> claim to which the payor is subrogated, whereas under an assignment of a
> right or claim, the whole right or claim is assigned. In essence, while
> subrogation is a designation of proceeds recovered from a wrongdoer, an
> assignment transfers the entire cause of action to the insurer.

16 Couch on Insurance § 222:53 (3rd ed. Updated Nov. 2011). Thus, Washington case

law analyzing real party in interest issues in the context of subrogation is distinguishable

from the context here, which involves an insured's assignment of its claims against non-

paying carriers to its settling carrier, namely Arrowood.

1    At least one Washington court has dismissed a claim brought by an insured against

2    an insurer because the insured had previously assigned its claim to a third party.  *See*

3    *Bench v. State Auto. & Cas. Underwriters, Inc.*, 408 P.2d 899, 900 (Wash. 1965); *see*

4    *also Mun v. First Fin. Ins. Co.*, No. C05-2098RSL, 2006 WL 3761361, at *2 (W.D.

5    Wash. Dec. 20, 2006) (insured who assigned rights against non-settling insurer to its

6    carrier was not the real party in interest under Washington law).  Further, the Washington

7    Supreme Court has recently stated:

8           While we need not decide whether conventional [or contractual as opposed
            to equitable] subrogation and assignment are equivalent in all respects, this
9           court recognizes that an insurer who receives full contractual assignment of
            an insured's rights may bring a conventional subrogation claim to enforce
10          those rights.

11   *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 191 P.3d 866, 874 (Wash. 2008); *see also*

12   *Nat'l Union Fire Ins. Co. v. Greenwich Ins. Co.*, No. C07-2065-JCC, 2009 WL 272895,

13   at *4, n. 3 (W.D. Wash. Feb. 2, 2009) ("[Injured party] assigned to [its paying carrier] all

14   of its claims against [the non-paying carrier] relating to or arising out of the [underlying]

15   litigation[, and] [t]hus [the paying carrier] can assert [the injured party's] rights in [a

16   subsequent] lawsuit for breach of contract, bad faith, and violation of the Washington

17   Consumer Protection Act.").  Based on these authorities, the court concludes that under

18   Washington law where an insured has fully assigned its claims against a non-paying

19   carrier to its paying carrier, the carrier or other entity who received the assignment – and

20   not the insured – is the real party in interest when suit is brought on the assigned claim.

21   Accordingly, the court agrees with OneBeacon that Absher Pacific is not the real party in

22   interest in this lawsuit.  The real parties in interest, based on Absher Pacific's assignment

1  of its claims against PTI's carriers in the New Holly Final Settlement Agrement, are

2  HARRG and Arrowood.

3  **C. Ratification, Joinder, or Substitution**

4      Although Rule 17(a)(1) requires that "[a]n action must be prosecuted in the name

5  of the real party in interest," Fed. R. Civ. P. 17(a)(1), the Federal Rules have incorporated

6  an escape clause that allows a plaintiff to avoid dismissal, *see* Fed. R. Civ. P. 17(a)(3).

7  Rule 17(a)(3) states that "[t]he court may not dismiss an action for failure to prosecute in

8  the name of the real party in interest until, after an objection, a reasonable time has been

9  allowed for the real party in interest to ratify, join, or be substituted into the action." *Id.*

10      Despite the broad wording of Rule 17(a)(3), the Advisory Committee Notes

11  associated with the Rule state that the escape clause is "intended to prevent forfeiture

12  when determination of the proper party to sue is difficult or when an understandable

13  mistake has been made." Fed. R. Civ. P. 17, Advisory Committee Notes 1966. In sync

14  with this limitation, the Ninth Circuit has applied Rule 17(a)(3) to those cases involving

15  an understandable mistake. *See*, *e.g.*, *Dunmore v. United States*, 358 F.3d 1107, 1112

16  (9th Cir. 2004) (stating that ratification under Rule 17(a) is permitted so long as the

17  plaintiff's decision to sue in his own name represented "an understandable mistake and

18  not a strategic decision"); *Goodman v. United States*, 298 F.3d 1048, 1053 (9th Cir.

19  2002) ("[The last sentence] in Rule 17(a) is designed to avoid forfeiture and injustice

20  when an understandable mistake has been made in selecting the party in whose name the

21  action should be brought.") (internal quotations omitted); *United States for Use & Benefit*

22  *of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989) (stating that "[t]he purpose of

this portion of Rule 17(a) is to prevent forfeiture of an action when determination of the

right party to sue is difficult or when an understandable mistake has been made"); *see*

*also In re Phenylpropanolamine Products Liability Litig.*, MDL No. 1407, 2006 WL

2136722, at * 3 (W.D. Wash. July 28, 2006) ("The plain language of [Rule 17(a)] is

broad, but courts have imputed some limitation on its application. In particular, a

plaintiff must show that his decision to sue in his own name was an understandable

mistake.") (citing *Dunmore*, 358 F.3d at 1112) (internal quotation marks omitted).

OneBeacon asserts that Absher Pacific is not entitled to the protections of Rule

17(a)(3) because "there are no facts demonstrating that Arrowood and HARRG were

unknown or that identifying them would be difficult." (Mot. at 6.)[6] Relying upon

*Goodman v. United States*, 298 F.3d 1048 (9th Cir. 2002), Absher Pacific argues that an

"understandable mistake" can include a reasonable uncertainty about the law. (Resp. at

8-9.) In *Goodman*, the court found that counsel "made an understandable pleading error"

by filing the original complaint on behalf of the decedent's estate rather than the

decedent's husband because "there may have been uncertainty about the correct plaintiff

[due to] uncertainty about applicable law." 298 F.3d at 1054. The Ninth Circuit went on

to state that "[t]o hold that [plaintiff], in his individual capacity, is time barred would go

---

[6] In *Dunmore*, the Ninth Circuit held that ratification under Rule 17(a) was permitted so long as the plaintiff's decision to sue in his own name represented "an understandable mistake and not a strategic decision." 358 F.3d at 1112. OneBeacon also attempts to assert that Absher Pacific's decision to bring this action in its own name rather than that of HARRG and Arrowood was somehow strategic in nature. (*See* Reply (Dkt. # 54) at 8-9.) In light of the fact, however, that this case will be tried to the court and not to a jury, the court finds these arguments to be unconvincing.

against the purpose of the last sentence of Rule 17(a), that is, to prevent forfeiture of a claim when an honest mistake was made." *Id.*

Absher Pacific asserts that Washington law is complex concerning under what circumstances an insured or an insurer is the real party in interest with regard to a claim. (Resp. 8-9.) Thus, if it erred with respect to the real party in interest in this lawsuit, its mistake was understandable, and it is entitled to the protections of Rule 17(a)(3) to avoid dismissal of its lawsuit. (*See id.*) The court is inclined to agree. Indeed, one respected Washington commentator has stated that "the Washington view" concerning whether the insured or the insurer is the real party in interest "with reference to subrogation is not entirely clear." K. Teglund, 3A Wash. Practice, Rules Practice CR 17 (5th ed. 2011) (Author's Comment No. 9). Nevertheless, before the court can enter an order permitting a reasonable period of time for Arrowood and HARRG "to ratify, join, or be substituted into the action," *see* Fed. R. Civ. P. 17(a)(3),[7] it must first resolve a more fundamental issue raised by OneBeacon's motion, as discussed below.

---

[7] OneBeacon spends a considerable amount of its briefing arguing that simple ratification of this lawsuit by HARRG and Arrowood would be inadequate, and that substitution or joinder of these parties is necessary to avoid any possible prejudice to Defendants. (Reply at 7-10.) Rule 17(a)(3), however, makes no distinction between these three remedies. *See* Fed. R. Civ. P. 17(a)(3). Proper ratification under Rule 17(a)(3) simply requires that the ratifying party authorize the continuation of the lawsuit and agree to be bound by the result. *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 712 (9th Cir. 1992). So long as these elements are present, the court is unconvinced that ratification by HARRG and Arrowood would be an inadequate remedy here.

## D. Federal Subject Matter Jurisdiction

The court's ruling above that HARRG and Arrowood are the real parties in interest to this lawsuit raises an issue concerning the court's subject matter jurisdiction. Although none of the parties raised this issue or discussed it in their briefing, the court has an independent and continuing obligation to address *sua sponte* whether it has subject matter jurisdiction. *Allstate*, 358 F.3d at 1093. In its complaint, Absher Pacific alleges federal subject matter jurisdiction is proper based on 28 U.S.C. § 1332, diversity of citizenship. (*See* Compl. ¶ 2.1.) Absher Pacific's allegations concerning diversity are based on its alleged status as plaintiff in this lawsuit. The court, however, has found that HARRG and Arrowood are the real parties in interest here, and pursuant to Rule 17(a)(1), must be named as plaintiffs. Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). In *Allstate*, the Ninth Circuit found that its ruling – that the insured was the real party in interest (and not the subrogated insurer who was originally named as plaintiff) – destroyed complete diversity of citizenship between the parties to the lawsuit rendering the court devoid of subject matter jurisdiction.[8] 358 F.3d at 1095. Accordingly, this court also must examine the diversity of citizenship between

_____

[8] Although the Ninth Circuit's ruling in *Allstate* concerning the interplay between real party in interest issues and subject matter jurisdiction based on diversity of citizenship is germane to this court's ruling, the ruling by the *Allstate* court in that the insured, and not the insurer, was the real party in interest is distinguishable from the facts present here. In *Allstate*, the court was proceeding under an analysis of Washington law based on subrogation. *See Allstate*, 358 F.3d at 1091-92. As discussed above, subrogation and assignment are distinct concepts, and are treated differently under Washington law with regard to real party in interest issues.

1  the parties to this lawsuit following its ruling that HARRG and Arrowood, and not

2  Absher Pacific, are the real parties in interest.

3      There are no facts in the record from which the court can discern the citizenship of

4  HARRG and Arrowood.  The court, therefore, is uncertain whether complete diversity of

5  citizenship exists among the parties.  Accordingly, within 14 calendar days of the date of

6  this order, Absher Pacific shall file a brief no longer than ten pages which provides the

7  court with (1) sufficient information concerning the citizenship of HARRG and

8  Arrowood to establish that complete diversity of citizenship continues to exist with

9  respect to the parties in this action, or (2) some other legitimate basis for the court's

10  continuing exercise of subject matter jurisdiction over this lawsuit.  OneBeacon and

11  Assurance may, but are not required, to file a brief (no longer than ten pages) addressing

12  the same issues within the same time frame.[9]

13      If, based on the parties' briefing, the court is reassured that it has subject matter

14  jurisdiction, it will promptly enter an order pursuant to Rule 17(a)(3) permitting a

15  reasonable time for HARRG and Arrowood to ratify, join, or be substituted into this

16

17

18

19
_____

20  [9] Absher Pacific bears the burden of demonstrating that subject matter jurisdiction exists over the complaint.  *See Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).  "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment."  *Id.* (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

21

22

lawsuit. If the court is not so reassured, then it will enter an order dismissing this action for lack of subject matter jurisdiction. *See Allstate*, 358 F.3d at 1095.[10]

## IV.    CONCLUSION

Based on the foregoing, the court DENIES One Beacon's motion to dismiss based on Federal Rule of Civil Procedure 17(a)(1) (Dkt. # 22). As stated above, the court further ORDERS Absher Pacific to file within 14 calendar days of the date of this order a memorandum (no longer than ten pages) concerning the diversity of citizenship among the parties to this lawsuit and the court's subject matter jurisdiction, in light of the court's ruling that HARRG and Arrowood are the real parties in interest under Rule 17(a)(1). OneBeacon and Assurance may, but are not required, to file a 10-page memorandum concerning the same issue within the same time frame.

Dated this 3rd day of January, 2012.

JAMES L. ROBART
United States District Judge

---

[10] The court will defer ruling on Absher Pacific's motion for partial summary judgment with respect to the Defendants' duty to defend (Dkt. # 24) until after the court receives the parties' briefs concerning the court's subject matter jurisdiction and resolves that issue.